UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEJANDRO MOSQUEDA PAZ,       )
a/k/a "ALMIGHTY,"             )
                             )
   Plaintiff,              )
                             )
v.                           )          Civil Action No.: 25-cv-22652-KMW
                             )
PRIMO BOYZ RECORDS LLC        )
a/k/a PRIMO BOYZ RE L.L.C,     )
PRIMO BOYZ MUSIC PUBLISHING    )
L.L.C., and JOSÉ POLANCO      )
                             )
   Defendants.             )
_____/

**DEFENDANTS' UNOPPOSED MOTION TO VACATE CLERK'S DEFAULT**

Defendants JOSE POLANCO, PRIMO BOYZ RECORDS LLC, AND PRIMO BOYZ MUSIC PUBLISHING L.L.C. (collectively, "Defendants"), by and through undersigned counsel, respectfully move this Court to vacate the Clerk's Default entered on July 21, 2025 [DE 11], and state as follows:

1)   On June 11, 2025, Plaintiff filed this action against Defendants. [DE 1].

2)   On June 25, 2025, a process server arrived at 2242 Quail Street, Vineland, New Jersey, and attempted to serve Mr. Polanco. As detailed in Mr. Polanco's Declaration (attached hereto as Exhibit A), the process server left papers on automobile tires in front of the house rather than effectuating personal service. *See* Declaration of José Polanco ("Polanco Decl.") ¶¶ 4-11, attached as Exhibit A. Mr. Polanco has preserved video footage of these events. Polanco Decl. ¶ 13.

3)   That same day, June 25, 2025, Mr. Polanco contacted his general counsel, Ivan Parron, Esq., regarding the papers he found. Polanco Decl. ¶ 16.

4)      On July 9, 2025, Mr. Parron contacted Plaintiff's counsel and offered to accept service of process on behalf of Defendants. Polanco Decl. ¶ 17. Mr. Polanco also authorized Mr. Parron to obtain litigation counsel in Miami to represent Defendants in this action. Polanco Decl. ¶ 18.

5)      Unbeknownst to Defendants or their counsel, Plaintiff filed an affidavit of service on July 9, 2025 [DE 9], and the Clerk of Court entered a default against all Defendants on July 21, 2025. [DE 11].

6)      While Defendants believe that service may have been defective, Defendants are not challenging service or seeking to quash and instead are proceeding to defend this case on its merits.

7)      Defendants' have retained undersigned counsel, Leon F. Hirzel, Esq. of Hirzel Dreyfuss & Dempsey, PLLC, as lead counsel in this action. The undersigned has been dealing with a family medical emergency since July 11, 2025, when his father was admitted to the ICU at Doctor's Hospital and subsequently transferred to Kindred Hospital, where he remains hospitalized.

8)      Due to these extraordinary circumstances, Defendants did not discover that a Clerk's Default had been entered until July 25, 2025.

9)      Upon discovering the default, Defendants immediately took action to address the matter.

10)    On July 30, 2025, undersigned counsel for Defendants and counsel for Plaintiff conducted a meet and confer pursuant to Local Rule 7.1(a)(3) regarding the entry of default.

11)  On July 30, 2025, undersigned counsel for Defendants and counsel for Plaintiff conducted a meet and confer pursuant to Local Rule 7.1(a)(3) regarding the entry of default.

12)  During this conference, the parties reached an agreement whereby:

i.   Plaintiff consents to vacate the Clerk's Default entered against Defendants;

ii.  Defendants agree to file their response to the Complaint within ten (10) days of the Court's Order vacating the default.

13)  Good cause exists to vacate the default under Federal Rule of Civil Procedure 55(c). As this Court has previously held, "[t]he decision to vacate a default is committed to the sound discretion of the Court. Pursuant to Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default for good cause." *Codigo Music, LLC v. Televisa, S.A., de C.V.*, No. 15-21737-CIV-WILLIAMS, 2015 WL 13754256, at *1 (S.D. Fla. July 30, 2015).

14)  In determining whether good cause exists, this Court considers "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party has presented a meritorious defense." *Id*. (*citing Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)). Additionally, "Courts have considered whether there was a significant financial loss to the defaulting party and whether the defaulting party acted promptly to correct the default." *Id*.

15)  Importantly, this Court is "mindful of the 'strong policy of determining cases on their merits' whenever reasonably possible." *Id*. (*quoting Perez v. Wells Fargo N.A.*, No. 13-13853, 2014 WL 7229271, at *7 (11th Cir. Dec. 18, 2014)); *see also Florida*

*Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (noting that "defaults are seen with disfavor").

16) Here, all factors weigh in favor of vacating the default:

    i. The default was not culpable or willful. Defendants' counsel's father has been hospitalized in the ICU since July 11, 2025, creating extraordinary circumstances that prevented timely discovery of the default. When the default was discovered on July 25, 2025, Defendants acted immediately to retain counsel and address the matter.

    ii. Plaintiff will suffer no prejudice as evidenced by Plaintiff's consent to vacating the default.

    iii. Defendants have meritorious defenses to assert, including the existence of a valid publishing agreement between the parties that governs their relationship and potential issues regarding ownership and breach of contract.

    iv. Defendants acted promptly to correct the default by retaining counsel immediately upon discovery and engaging in good faith discussions with Plaintiff's counsel.

    v. Defendants demonstrated good faith throughout by having their general counsel offer to accept service on July 9, 2025, before any default was entered.

17) As Mr. Polanco states in his declaration, "I have not attempted to evade service or delay these proceedings. I am prepared to defend against the claims in this lawsuit." Polanco Decl. ¶ 20.

18) As this Court recognized in *Codigo Music*, "if a party willfully defaults by displaying an intentional or reckless disregard for the judicial proceedings, the Court need make no other findings in denying relief." 2015 WL 13754256, at *1. Here, there is no evidence of willful default or intentional disregard for judicial proceedings. Rather, the extraordinary circumstances of counsel's father's ICU hospitalization, combined with Defendants' good faith efforts to accept service, demonstrate the absence of any willfulness.

WHEREFORE, Defendants respectfully request that this Court enter an Order vacating the Clerk's Default entered on July 21, 2025, and granting Defendants ten (10) days from the date of the Order to file their response to the Complaint.

### LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that counsel for movant has conferred with counsel for Plaintiff on July 30, 2025, in a good faith effort to resolve the issues raised in this motion. As a result of this conference, Plaintiff has agreed not to oppose this motion, and the parties have agreed that Defendants will respond to the Complaint within ten (10) days of the Court's Order vacating the default.

Dated: August 4, 2025

**HIRZEL DREYFUSS & DEMPSEY, PLLC**
*Counsel for Defendants*
1200 Anastasia Ave Ste. 240
Coral Gables, FL 33134
Telephone: (305) 615-1617
Facsimile: (305) 615-1585

By: */s/ Leon F. Hirzel*
**LEON F. HIRZEL**
Florida Bar No. 085966
hirzel@hddlawfirm.com

### CERTIFICATE OF ELECTRONIC SERVICE

I HEREBY CERTIFY that on August 4, 2025, the foregoing document was sent through CM/ECF to all counsel of record.

By: */s/ Leon F. Hirzel*
**LEON F. HIRZEL**