IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 25-CV-22652-KMW

ALEJANDRO MOSQUEDA PAZ
p/k/a "ALMIGHTY,"

Plaintiff,

v.

PRIMO BOYZ RECORDS LLC a/k/a
PRIMO BOYZ RE L.L.C, PRIMO BOYZ
MUSIC PUBLISHING L.L.C., and JOSÉ
POLANCO,

Defendants.
_____/

### PLAINTIFF'S AMENDED MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

Plaintiff, Alejandro Mosqueda Paz a/k/a "Almighty" (hereinafter referred to as "Plaintiff"), hereby moves pursuant to Federal Rules of Civil Procedure 8, 12(f) and Local Rule 7.1 (and ECF No. 26), for an order striking Defendants, Primo Boyz Records LLC a/k/a Primo Boyz RE L.L.C, Primo Boyz Music Publishing L.L.C., and José Polanco (hereinafter referred to as "Defendants") Affirmative Defenses 5, 7, 9, 17, 18 (ECF No. 24). As grounds therefore, Plaintiff states:

### Introduction

Plaintiff brings this action asserting valid claims which include injunctive and declaratory relief, rescission, breach of contract, misappropriated revenue and violations of intellectual property (ECF No. 16). In response, Defendants have asserted twenty (20) affirmative defenses, many of which are boilerplate, legally insufficient, or not true affirmative defenses. Several consist

of nothing more than conclusory labels or improper denials disguised as defenses. Others are not true affirmative defenses at all, but rather improper attempts to repackage Rule 12(b)(6) arguments, including bare assertions that Plaintiff has "failed to state a cause of action." Still others fail as a matter of law or are unsupported by any factual allegations that would meet the pleading standards required under applicable federal case law. Affirmative defenses must do more than parrot legal conclusions; they must allege facts that, if proven, would provide a valid basis for avoiding liability. Collectively, these "affirmative defenses" serve only to obscure the issues, complicate the pleadings, broadening the scope of discovery, and distracting from the core issues in dispute.

Allowing Defendants to proceed with vague, immaterial, and facially deficient defenses would prejudice Plaintiff and waste judicial resources. Accordingly, and consistent with the standards applied in the Southern District of Florida, Plaintiff respectfully moves to strike the legally and procedurally defective defenses set forth below, under Federal Rule of Civil Procedure 12(f).

## Legal Standards:

**I.   Standard to Plead and Strike Affirmative Defenses.**

An affirmative defense may be stricken if it is insufficient as a matter of law. *Chetu, Inc. v. Salihu*, No. 09-60588-CIV, 2009 WL 3448205, at 1 (S.D. Fla. Oct. 26, 2009) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla.1976)). A legally sufficient affirmative defense "satisfies the heightened pleading standard" of *Twombly* and *Iqbal*, and gives "fair notice of the defense" and "the grounds upon which it rests." *Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. RRG*, No. 11-61577-CIV, 2012 WL 5398625, at 18 (S.D. Fla. Nov. 2, 2012), *aff'd sub nom. Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. of DC, Risk Retention Grp.*, 522 F. App'x 696 (11th Cir. 2013); *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671

(S.D. Fla. 2013); *see also* Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

"While [a party] need not provide detailed factual allegations, they must provide more than bare-bones conclusions. [A party] should not be left to discover the bare minimum facts constituting a defense until discovery." *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 WL 2225668, at 1 (S.D. Fla. May 29, 2008). "[A] motion to strike an affirmative defense is typically denied unless the defense (1) has no possible relation to the controversy, (2) may cause prejudice to one of the parties, or (3) fails to satisfy the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 680 (S.D. Fla. 2015). "Under this standard, an affirmative defense that merely offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id. (citing Adams v. JPMorgan Chase Bank, N.A.*, No. 3:11–CV–337–J–37MCR, 2011 WL 2938467, at 2 (M.D. Fla. July 21, 2011). Instead, a defense would have to contain enough factual matter to "raise a right to relief above the speculative level." *Id.* Moreover, an affirmative defense is established only when 'a defendant admits the essential facts of the complaint and sets up other facts in justification or avoidance.'" *Sparta Ins. Co. v. Colareta*, No. 13-60579-CIV, 2013 WL 5588140, at 2 (S.D. Fla. Oct. 10, 2013) (citing *Morrison v. Exec. Aircraft Refinishing Co.*, 434 F. Supp. 2d 1314, 1317–18 (S.D. Fla. 2005)).

**II.     Standard to Strike Other Immaterial Impertinent or Scandalous Matters.**

"Federal Rules of Civil Procedure 12(f) authorizes a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 680 (S.D. Fla. 2015). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."

*Schmidt v. Life Ins. Co. of N.A.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012) (internal citation omitted). "The Court enjoys broad discretion in determining whether to grant or deny a motion to strike." *Centex Homes v. Mr. Stucco, Inc.*, 807CV365T27MSS, 2008 WL 793587, at 1 (M.D. Fla. Mar. 25, 2008). Notwithstanding, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Quintana v. Countrywide Home Loans, Inc.*, 09-20427-CIV, 2009 WL 10644868, at 1 (S.D. Fla. June 11, 2009).

## Argument

**Defendants' Affirmative Defenses subject to being Stricken**

Plaintiffs respectfully move this Court to strike the Defendants' Affirmative Defenses number 1, 4, 5, 7, 8, 9, 11, 16, 17, 18 as legally insufficient and as grounds therefore state:

**A.    Defendants' First Affirmative Defense - Failure to State a Claim - Is Insufficient as a Matter of Law.**

### I. Affirmative Defense No. 1 (Failure to State a Claim)

The Amended Complaint, and each purported cause of action therein, fails to state a claim upon which relief can be granted as to all counts of the Amended Complaint.

The Parties have conferred, and Defendants have agreed to remove this affirmative defense.

**B.    Defendants' Fourth Affirmative Defense – No Fiduciary Duty- Is Insufficient as a Matter of Law.**

> **IV. Affirmative Defense No. 4 (No Fiduciary Duty)**
>
> Count V for Breach of Fiduciary Duty fails because no fiduciary relationship existed between the parties. The relationship was a commercial, arm's length business transaction between sophisticated parties. The limited power of attorney in Section I.8 of the Agreement, which authorizes Defendants to execute documents and collect payments on Plaintiff's behalf, is a standard industry provision that does not create fiduciary duties. Moreover, Section VII.5 of the Agreement contains Plaintiff's express acknowledgment of potential conflicts of interest and waiver of any claims based on alleged fiduciary duties.

The Parties have conferred, and Defendants have agreed to remove this affirmative defense.

**C. Defendants' Fifth Affirmative Defense – Failure to State a Cause of Unjust Enrichment - Is Insufficient as a Matter of Law.**

> **V. Affirmative Defense No. 5 (Failure to State a Cause for Unjust Enrichment)**
>
> Count VI for Unjust Enrichment fails as a matter of law because a valid, express contract—the Multiple Rights Agreement—governs the subject matter of the parties' dispute. Under Florida law, a plaintiff cannot pursue a quasi-contract claim where an express agreement covers the same subject matter.

Defendants' fifth affirmative defense must be stricken because "failure to state a claim" is not a proper affirmative defense under federal law. Under *In Northrop & Johnson Holding Co., Inc. v. Leahy*, Case No. 16-cv-63008, 2017 WL 5632041 (S.D. Fla. Nov. 22, 2017), the Court reasoned that a "[f]ailure to state a claim is a defect in [a party]'s claim; it is not an additional set of facts that bar recovery notwithstanding [a party]'s valid prima facie case." Id. (quoting *Boldstar Tech. LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007).

5

An affirmative defense is an assertion of facts or law by the defendant that, if true, would avoid the action. This defense fails to admit the essential facts of the complaint or assert any independent facts in avoidance. Additionally, the argument that an express contract precludes unjust enrichment is misplaced at the pleading stage where Plaintiff has alleged that the contract is void, unenforceable, or subject to rescission. Courts in this District allow unjust enrichment claims to proceed in the alternative. *See In re Managed Care Litig.,* 185 F.Supp.2d 1310, 1337–38 (S.D.Fla.2002)*, Zarrella v. Pac. Life Ins. Co.,* 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010).

**D.     Defendants' Seventh Affirmative Defense – Failure to State a Cause of Action for Fraudulent Inducement - Is Insufficiently Pled as a Matter of Law.**

> **VII.   Affirmative Defense No. 7 (Failure to State a Cause of Action for Fraudulent Inducement)**
>
> Plaintiff fails to state a cause of action for Fraudulent Inducement as the terms are contradicted by the written agreement. The Agreement contains a comprehensive integration clause in Section VII.13 stating: "This Agreement contains the entire understanding between the parties hereto relating to the subject matter hereof and cannot be changed, modified or terminated except by an instrument signed by the party sought to be bound." This integration clause bars Plaintiff's claims based on alleged oral representations or promises outside the written Agreement, including all allegations in Count VII for fraudulent inducement.

Defendants' seventh affirmative defense must be stricken because "failure to state a claim" is not a proper affirmative defense under federal law. *See Northrop*, 2017 WL 5632041, at *2* ("An assertion that a plaintiff has failed to state a claim is not a proper affirmative defense but, rather, is a defect in the plaintiff's prima facie case."). This defense fails to admit the essential facts of the Complaint or assert any independent facts in avoidance. Furthermore, the defense is also legally incorrect because under well-settled Florida law, a merger clause does not bar claims for fraudulent inducement. See *Lower Fees, Inc. v. Bankrate, Inc.*, 74 So. 3d 517 (Fla. 4th DCA 2011) and *Fong*

*Kai Bus. Grp. Co., Ltd v. Shade Saver, Inc.*, No. 5:18-CV-540-OC-30PRL, 2019 WL 12304385, at *4 (M.D. Fla. Apr. 9, 2019).

      **E.    Defendants' Eighth Affirmative Defense – Failure to State a Cause of Action for Trademark Claims and False Designation Claims - Is Insufficient as a Matter of Law.**

> **VIII.   Affirmative Defense No. 8 (Failure to State a Cause of Action for Trademark Claims and False Designation Claims)**
>
> Failure to State a Cause of Action for Trademark Claims and False Designation Claims (has not adequately plead existence of trademark, "Almighty" is not exclusive to Plaintiff, insufficient allegations to support likelihood of confusion, see MTD)

The Parties have conferred, and Defendants have agreed to remove this affirmative defense.

      **F.    Defendants' Ninth Affirmative Defense – Failure to State a Cause of Action for Accounting - Is Insufficient as a Matter of Law.**

> **IX.   Affirmative Defense No. 9 (Failure to State a Cause of Action for Accounting)**
>
> Plaintiff's claim for an accounting is unwarranted. An accounting is an equitable remedy that requires a showing of a fiduciary relationship or complex transactions, neither of which are present here. The Amended Complaint does not allege facts justifying this remedy. *See Kee v. Nat'l Reserve Life Ins. Co.*, 918 F.2d 1538, 1540 (11th Cir. 1990)).

Defendants' ninth affirmative defense must be stricken because it is not a true affirmative defense under federal law. The assertion that Plaintiff has "failed to state a claim for accounting" is not a matter of avoidance, it is a challenge to the legal sufficiency of the pleading, and thus not properly asserted as an affirmative defense under Rule 8(c). Courts in this district hold that an assertion of "failure to state a claim" is not a proper affirmative defense, but rather a Rule 12(b)(6)

motion in disguise. See *Northrop*, 2017 WL 5632041, at *2* ("An assertion that a plaintiff has failed to state a claim is not a proper affirmative defense but, rather, is a defect in the plaintiff's prima facie case.")

An affirmative defense must admit the allegations of the complaint and set forth new matter that, if proven, would defeat the claim. Here, Defendants do neither. They do not admit Plaintiff's entitlement to an accounting nor assert any independent facts that would bar such relief. Instead, Defendants simply dispute that a fiduciary relationship exists and that the revenue structure is sufficiently complex; factual contentions that go to the merits of the claim, not to any defense to it.

Moreover, the defense is contradicted by the very pleadings it attacks. The Amended Complaint clearly alleges that Defendants exercised control over Plaintiff's income and assets through a power of attorney and exclusive control of digital revenue streams, and that the revenue derived from those assets is spread across multiple platforms, accounts, and payment systems. See *ECF No. 16*. These allegations meet both prongs of the test for an accounting under Florida law: the existence of a fiduciary relationship, or, alternatively, the existence of a complex transaction involving money owed. See *Kee v. Nat'l Reserve Life Ins. Co.*, 918 F.2d 1538, 1540 (11th Cir. 1990).

G. **Defendants' Sixteenth Affirmative Defense – Failure to State a Cause as to Equitable Claims - Is Insufficient as a Matter of Law.**

XVI. **Affirmative Defense No. 16 (Failure to State a Cause of Action as to Equitable Claims)**

Plaintiff fails to state a cause of action as to all equitable claims, due to existence of an adequate remedy at law.

The Parties have conferred, and Defendants have agreed to supplement this affirmative defense.

### H. Defendants' Seventeenth Affirmative Defense – Jose Polanco – Not a Proper Party - Is Insufficient as a Matter of Law.

> **XVII.   Affirmative Defense No. 17 (José Polanco – Not a Proper Party)**
>
> All claims against José Polanco individually must be dismissed as he is not a party to the Multiple Rights Agreement or any other relevant agreement with Plaintiff. The Agreement was entered into between Plaintiff and the corporate entities only. Plaintiff has failed to allege any basis for individual liability or any actions by José Polanco outside his capacity as a representative of the corporate entities.

Defendants' seventeenth affirmative defense must be stricken because it does not constitute a valid affirmative defense under Rule 8(c). This defense merely asserts that one of the named Defendants, specifically, José Polanco, is "not a proper party" and that Plaintiff "has failed to allege a basis for personal liability." These are not allegations in avoidance of liability but rather a challenge to the sufficiency of Plaintiff's pleading—an argument that belongs in a Rule 12(b)(6) motion, not in an answer styled as an affirmative defense.

This District consistently strikes such "non-defenses," holding that a denial of liability or an assertion that a party is improperly named is not an affirmative defense but a procedural objection. See *Northrop*, 2017 WL 5632041, at *2* ("An assertion that a plaintiff has failed to state a claim is not a proper affirmative defense but, rather, is a defect in the plaintiff's prima facie case."). An affirmative defense must admit the core allegations of the complaint and introduce facts that, if true, would provide a legal justification or bar to recovery. This defense does neither. It does not admit any element of Plaintiff's claims, and it asserts no facts in avoidance; only a conclusory statement that Plaintiff failed to plead a valid theory of liability as to one party.

9

**I.      Defendants' Eighteenth Affirmative Defense – Laches - Is Insufficiently Pled.**

> **XVIII.    Affirmative Defense No. 18 (Laches)**
>
> Plaintiff's claims are barred by the doctrine of laches due to his unreasonable delay in asserting known claims, which has prejudiced Defendants who: (a) invested substantial resources based on the Agreement; (b) assigned rights to LaFunda Music LLC; and (c) would have conducted business differently had claims been timely asserted.

Defendants' eighteenth affirmative defense must be stricken because it fails to identify which specific claims it purports to address. This lack of clarity alone renders the defense deficient under federal pleading standards. Without tying the doctrine of laches to any particular cause of action, Plaintiff and the Court are left to speculate as to which claims Defendants believe are barred by delay—hindering Plaintiff's ability to respond and prejudicing the fair administration of the case.

Moreover, to the extent this defense is directed at Plaintiff's federal claims under the Copyright Act and Lanham Act, it fails as a matter of law. The U.S. Supreme Court has held that laches is not available to bar claims brought within the statutory limitations period under the Copyright Act. *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 580 U.S. 328, (2017).

**J.      Defendants' Eleventh Affirmative Defense – Failure to Mitigate / Lack of Damages - Is Insufficiently Pled as a Matter of Law.**

### XI. Affirmative Defense No. 11 (Failure to Mitigate Damages/ Lack of Damages)

Plaintiff failed to mitigate his alleged damages by: (a) failing to provide timely notice of alleged breaches; (b) failing to cooperate in the exploitation of recordings; (c) failing to seek clarification of any confusion about the Agreement's terms; and (d) unreasonably delaying assertion of his claims.

> Alternatively, Plaintiff has suffered no cognizable damages as a result of Defendants' alleged conduct. Any damages claimed are speculative, uncertain, and not recoverable as a matter of law.

The Parties have conferred, and Defendants have agreed to remove the alternative language highlighted in red above, which pertains to Plaintiff's alleged "lack of damages".

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order striking Defendants' Affirmative Defenses 5, 7, 9, 17, 18, and granting any further relief the Court deems just and proper.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

The undersigned counsel hereby certifies that, in compliance with Rule 7.1(a)(3), Federal Rules of Civil Procedure, that undersigned counsel has conferred with counsel for Defendants in a good faith effort to resolve by agreement the issues raised as related to the Motion to Strike and the parties were able to agree that affirmative defense number 1, 4, 8 and 11 (partially) are improper and shall be removed and affirmative defense number 16 will be better pled. The parties were, however, unable to resolve the remaining issues surrounding the motion to strike.

Dated: October 24, 2025

Respectfully submitted,

**LAW FIRM OF RUBIO & ASSOCIATES, P.A.**
Attorneys for Plaintiff
8950 SW 74 Ct., Suite 1804
Miami, Fl 33156
Telephone: (786) 220-2061
Facsimile: (786) 220-2062
Email: hrubio@rubiolegal.com
Email: frubio@rubiolegal.com
Email: info@rubiolegal.com

11

By:*/s/ Humberto Rubio*
Humberto Rubio, Jr., Esq.
Florida Bar No. 36433
Felipe Rubio, Esq.
Florida Bar No. 123059

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of October, 2025, I caused to be served a true and correct copy of the foregoing using CM/ECF, which served a true and correct copy to all counsel or parties of record.

By:/s/ Humberto Rubio
Humberto Rubio, Jr., Esq.