UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ALEJANDRO MOSQUEDA PAZ, a/k/a "ALMIGHTY," <br><br> Plaintiff, <br><br> v. <br><br> PRIMO BOYZ RECORDS LLC a/k/a PRIMO BOYZ RE L.L.C, PRIMO BOYZ MUSIC PUBLISHING L.L.C., and JOSÉ POLANCO <br><br> Defendants. | Civil Action No.: 25-cv-22652-KMW |

**DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO STRIKE**

Defendants PRIMO BOYZ RECORDS LLC, PRIMO BOYZ MUSIC PUBLISHING L.L.C., and JOSÉ POLANCO (collectively, "Defendants"), by and through undersigned counsel, hereby respond to Plaintiff ALEJANDRO MOSQUEDA PAZ's ("Plaintiff") Amended Motion to Strike Defendants' Affirmative Defenses (the "Motion to Strike") and, in support thereof, state as follows:

**INTRODUCTION**

Plaintiff's Motion to Strike should be denied because Plaintiff has applied an incorrect pleading standard that is not applicable to affirmative defenses and because Plaintiff's substantive arguments regarding the affirmative defenses in question are invalid. Even if the Court were inclined to agree with Plaintiff's arguments, the Motion to Strike should still be denied because striking the affirmative defenses in question is not the proper remedy, as discussed herein below. As a result, the Motion to Strike should be denied.

1

## **MEMORANDUM OF LAW**

I. **LEGAL STANDARD**

    a. MOTION TO STRIKE IS A DRASTIC REMEDY

"Granting a motion to strike is a drastic remedy and is disfavored by the courts." *Fedderman v. Palm Beach Cnty. Sch. Bd.*, No. 22-81857-CIV, 2023 WL 7124166, at *2 (S.D. Fla. Oct. 30, 2023) (*citing Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017)). "A motion to strike will therefore only be granted if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.*; *see also C.S. v. Wyndham Hotels & Resorts, Inc.*, 538 F. Supp. 3d 1284, 1294 (M.D. Fla. 2021) ("A motion to strike is a drastic remedy and is disfavored by the courts"); *Agan v. Katzman & Korr, P.A.,* 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004) (motions to strike are disfavored as they are a drastic remedy); *Kennedy v. FHIA, LLC*, No. 6:24-CV-246-JSS-EJK, 2024 WL 4989339, at *1 (M.D. Fla. Dec. 5, 2024) (noting that motions to strike are disfavored in the district courts in the Middle District of Florida and in the Southern District of Florida).

"Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered 'time wasters,' and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Somerset Pharms., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996) (citing *Carlson Corp. / Southeast v. School Board of Seminole County, Florida*, 778 F.Supp. 518, 519 (M.D.Fla.1991)).

    b. GROUNDS AND PLEADING REQUIREMENTS

Because a motion to strike is disfavored as a "drastic remedy," a "motion to strike an affirmative defense is typically denied unless the defense (1) has no possible relation to the controversy, (2) may cause prejudice to one of the parties, or (3) fails to satisfy the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure." *Tsavaris v. Pfizer,*

2

*Inc.*, 310 F.R.D. 678, 680 (S.D. Fla. 2015) (citing *Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 8:15–CV–1745–T–30MAP, 2015 WL 5098877, at *1 (M.D.Fla. Aug. 31, 2015)).

With respect to the general pleading requirements of Rule 8, this Court has consistently found that the heightened pleading requirements mandated for a plaintiff's complaint under Rule 8(a) are not applicable to affirmative defenses. *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) ("Based on these rationales, this Court joins the growing number of courts in this circuit and others in finding that a lower pleading standard applies to affirmative defenses"); *Melaih v. MSC Cruises, S.A.*, No. 20-CV-61341, 2021 WL 3731272, at *3 (S.D. Fla. July 27, 2021) ("affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*"); *Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 692–93 (S.D. Fla. 2020) (finding that affirmative defenses are not subject to the heightened pleading standard); *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1192–93 (S.D. Fla. 2019) (finding that affirmative defenses are not subject to the heightened pleading standard).

As a result, affirmative defenses are subject to less stringent pleading requirements compared to that required for complaints and Plaintiff's reliance upon *Twombly* and *Iqbal* in the Motion to Strike is misplaced. *Birren*, 336 F.R.D. at 692–93 (S.D. Fla. 2020). This less stringet pleading requirement for affirmative defenses merely requires that the affirmative defenses in question provide "fair notice of the defendant's intended defenses." *Edelman v. MSC Cruises, S.A.*, No. 24-CV-23060, 2025 WL 1220122, at *4 (S.D. Fla. Apr. 28, 2025). In *Edelman*, the Court listed various examples of cases where affirmative defenses that provided notice, but not greater details or supporting facts, should not be stricken and should be developed during the course of litigation:

> *See, e.g., Lebron v. Royal Caribbean Cruises, Ltd.*, Case No.: 16-24687-CIV, 2017 WL 7792720, at *7 (S.D. Fla. Aug. 18, 2017) ("[T]he Defendant asserts that, 'the incident

and injuries alleged in the Complaint were the result of intervening and unforeseeable causes for which Defendant had no duty to protect the Plaintiff.' [ ] Again, the Plaintiff seeks to strike this defense based upon its assertion that Defendant has failed to specify any factual basis or support for this affirmative defense.... [However, t]here is no reason to believe that the Plaintiff will be prejudiced by the development of this defense, if applicable, throughout the course of the litigation. Therefore, the Fifteenth Affirmative Defense should not be stricken.") (internal citations omitted); *Incardone v. Royal Caribbean Cruises, Ltd.,* No. 16-20924-CIV, 2019 WL 2709810, at *10 (S.D. Fla. June 28, 2019), report and recommendation adopted, No. 16-20924-CIV, 2019 WL 8989849 (S.D. Fla. Oct. 1, 2019) ("RCCL's seventh affirmative defense is that Plaintiffs have failed to mitigate damages. [ ] This is adequate to put Plaintiffs on notice.") (internal citations omitted); *Birren*, 336 F.R.D. at 694 ("A review of the defense here makes it clear that it raises a question of causation—i.e., whether Plaintiffs' injuries were caused by pre-existing conditions or by Defendant. [ ] '[G]iven the appropriate pleading standard for affirmative defenses, because the Fifth Affirmative [D]efense provides the Plaintiff[s] with fair notice of the defense Defendant intends to raise, e.g., the presence of a pre-existing injury, the Fifth Affirmative Defense should not be stricken.'") (internal citations omitted).

*Edelman v. MSC Cruises, S.A.*, No. 24-CV-23060, 2025 WL 1220122, at *4 (S.D. Fla. Apr. 28, 2025).

Finally, an affirmative defense is not invalid and should not be stricken merely because the affirmative defense in question could also be grounds for a motion to dismiss. *Adacel, Inc. v. Adsync Techs., Inc.*, No. 618CV1176ORL78EJK, 2020 WL 8642084, at *1 (M.D. Fla. May 18, 2020) (affirmative defenses which restated arguments raised on a motion to dismiss, even when such arguments were rejected at the motion to dismiss phase, should not be stricken); *see also Hallmark Ins. v. Maxum Cas. Ins.*, No. 6:16-cv-2063-Orl-37GJK, 2017 WL 3037637, at *3 (M.D. Fla. June 27, 2017) ("While Defendant asserted the same argument in the Motion to Dismiss that was later denied, the undersigned does not find Defendant's third affirmative defense to be 'redundant, immaterial, impertinent, or scandalous' to warrant striking it."). As a result, even if an affirmative defense could have been raised as grounds for a motion to dismiss some or all of the Complaint, such a conclusion does not entail that said affirmative defense should be stricken.

c.  PROPER REMEDY FOR ALLEGEDLY INSUFFICIENT AFFIRMATIVE DEFENSES

Even if an affirmative defense is found by the Court to constitute merely a denial, as opposed to a more traditionally recognized affirmative defense, the appropriate remedy is not to strike said affirmative defense, but to merely treat said affirmative defense as a denial. *See In re Royal Caribbean Cruises Ltd.,* 739 F. Supp. 3d 1141, 1151 (S.D. Fla. 2024) (finding that an affirmative defense that us ultimately a denial, as opposed to a true affirmative defense, should not be stricken but rather treated as a denial); *see also Melaih v. MSC Cruises, S.A.,* No. 20-CV-61341, 2021 WL 3731272, at *4 (S.D. Fla. July 27, 2021) (affirmative defense that was actually merely a denial should not be stricken, but rather it should merely be treated as a denial); *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) (defenses that attack the sufficiency of a claim or otherwise deny the legitimacy of a cause of action, but which are not formally recognized as traditional affirmative defenses, should not be stricken, "[b]ecause the proper remedy is to construe these defenses as denials").

Even if the affirmative defense in question is not a traditionally valid affirmative defense, nor even an actual denial, but rather provides notice of the Defendant's legal theory, such an affirmative defense should not be stricken. *Edelman v. MSC Cruises, S.A.*, No. 24-CV-23060, 2025 WL 1220122, at *8 (S.D. Fla. Apr. 28, 2025) (affirmative defense that stated plaintiffs claims were not subject to a jury trial were "technically neither a denial nor an affirmative defense" should not be stricken because "it simply puts Plaintiff on notice of MSC's argument that Plaintiff is not entitled to a jury trial").

In the event that the Court were inclined to grant the motion to strike due to any alleged deficiency in the pleadings of one or more affirmative defenses, such a finding should be without prejudice and with leave to amend to plead additional allegations in support of said affirmative defenses. *Dionisio v. Ultimate Images & Designs, Inc.,* 391 F. Supp. 3d 1187, 1197 (S.D. Fla. 2019) (finding that affirmative defenses that affirmative defenses that failed

5

to meet even the less stringent pleading requirements should be stricken "without prejudice" and with "leave to amend"); *Freestream Aircraft USA Ltd. v. Chowdry*, 2018 WL 1309921 (S.D. Fla. 2018) (finding that stricken affirmative defenses should be without prejudice and with leave to replead).

## II.   FIFTH AFFIRMATIVE DEFENSE

Defendants' Fifth Affirmative Defense is as follows:

> Count VI for Unjust Enrichment fails as a matter of law because a valid, express contract— the Multiple Rights Agreement—governs the subject matter of the parties' dispute. Under Florida law, a plaintiff cannot pursue a quasi-contract claim where an express agreement covers the same subject matter.

*See* Answer and Affirmative Defenses [ECF 24] at p. 13.  Plaintiff seeks to strike the Fifth Affirmative Defense on grounds that "Defendants' fifth affirmative defense must be stricken because 'failure to state a claim' is not a proper affirmative defense under federal law." *See* Motion to Strike [ECF 33] at 5.

Although the title of the Fifth Affirmative Defense does reference a failure to state a cause of action, the actual content of the Fifth Affirmative Defense does not contain such language.  Instead, the Fifth Affirmative Defense is an avoidance of liability for Count VI due to the existence of an express contract, which is a valid affirmative defense to Count VI.  Even if the contents of the Fifth Affirmative Defense could also constitute grounds for a motion to dismiss, such a conclusion does not entitle Plaintiff to have the Fifth Affirmative Defense stricken.  *See Adacel*, 2020 WL 8642084 at *1 (M.D. Fla. May 18, 2020); *see also Hallmark Ins.,* 2017 WL 3037637 at *3 (M.D. Fla. June 27, 2017).

Plaintiff's argument that claims for unjust enrichment can be plead in the alternative is of no consequence, because the affirmative defense would still be applicable even with alternative pleading.  There is no authority cited by Plaintiff or known to the Defendants

that would prohibit an affirmative defense against Unjust Enrichment merely because the claim for Unjust Enrichment was plead in the alternative.

"A plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter." *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1274 (S.D. Fla. 2015); *see also McIntyre v. Marriott Ownership Resorts, Inc.*, No. 13–80184, 2015 WL 162948, at *5 (S.D. Fla. Jan. 13, 2015) ("Although a plaintiff may generally plead claims in the alternative ... an unjust-enrichment claim may not be pled in the alternative where all of the parties agree that an express contract governs the dispute.")

Even if the Court were inclined to agree with Plaintiff's general argument regarding the Fifth Affirmative Defense, the Fifth Affirmative Defense should not be stricken, but rather the court should merely treat it as a "denial" consistent with applicable law. *See In re Royal Caribbean Cruises*, 739 F. Supp. 3d 1141, 1151 (S.D. Fla. 2024); *see also Melaih*, 2021 WL 3731272, at *4 (S.D. Fla. July 27, 2021); *Edelman,* 2025 WL 1220122, at *8 (S.D. Fla. Apr. 28, 2025); *Tsavaris*, 310 F.R.D. 678, 682 (S.D. Fla. 2015).

### III.   SEVENTH AFFIRMATIVE DEFENSE

Defendants' Seventh Affirmative Defense is as follows:

> Plaintiff fails to state a cause of action for Fraudulent Inducement as the terms are contradicted by the written agreement. The Agreement contains a comprehensive integration clause in Section VII.13 stating: "This Agreement contains the entire understanding between the parties hereto relating to the subject matter hereof and cannot be changed, modified or terminated except by an instrument signed by the party sought to be bound." This integration clause bars Plaintiff's claims based on alleged oral representations or promises outside the written Agreement, including all allegations in Count VII for fraudulent inducement.

*See* Answer and Affirmative Defenses [ECF 24] at p. 13. Plaintiff seeks to strike the Seventh Affirmative Defense on the exact same grounds that Defendant seeks to strike the Fifth Affirmative Defense. *See* Motion to Strike [ECF 33] at 6.

As with the Fifth Affirmative Defense, the Seventh Affirmative Defense should not be stricken merely because it could have also been grounds for a motion to dismiss. Moreover, Plaintiff's assertion that "the defense is also legally incorrect because under well-settled Florida law, a merger clause does not bar claims for fraudulent inducement" is not grounds for striking the affirmative defense. First, a merger clause is not necessarily always grounds to bar a claim for fraudulent inducement, but such a merger clause can indeed bar such a claim in some circumstances. *MSC Trading, S.A. v. Delgado*, No. 1:22-CV-20075-DPG, 2024 WL 3564585, at *3–4 (S.D. Fla. July 29, 2024) (finding that merger clause barred claim for fraudulent inducement based on contents of the specific merger clause at issue); *see also Yamashita v. Merck & Co.*, No. 11-62473-CIV, 2013 WL 275536, at *4 (S.D. Fla. Jan. 24, 2013) ("The law is clear: A party cannot recover in fraud for alleged oral misrepresentations that are adequately covered or dealt with, or expressly contradicted, in a later written contract.") (collecting Florida cases). As a result, the existence of a merger clause is a valid affirmative defense to Plaintiff's claims for fraudulent inducement.

Even if the Court were inclined to agree with Plaintiff's general argument regarding the Seventh Affirmative Defense, the Seventh Affirmative Defense should not be stricken, but rather the court should merely treat it as a "denial" consistent with applicable law. *See In re Royal Caribbean Cruises*, 739 F. Supp. 3d 1141, 1151 (S.D. Fla. 2024); *see also Melaih*, 2021 WL 3731272, at *4 (S.D. Fla. July 27, 2021); *Edelman,* 2025 WL 1220122, at *8 (S.D. Fla. Apr. 28, 2025); *Tsavaris*, 310 F.R.D. 678, 682 (S.D. Fla. 2015).

### IV. NINTH AFFIRMATIVE DEFENSE

Defendants' Ninth Affirmative Defense is as follows:

> Plaintiff's claim for an accounting is unwarranted. An accounting is an equitable remedy that requires a showing of a fiduciary relationship or complex transactions, neither of which are present here. The Amended Complaint does not allege facts

> justifying this remedy. See Kee v. Nat'l Reserve Life Ins. Co., 918 F.2d 1538, 1540 (11th Cir. 1990)).

*See* Answer and Affirmative Defenses [ECF 24] at p. 14.  Plaintiff seeks to strike the Ninth Affirmative Defense on the exact same grounds that Defendant seeks to strike the Fifth and Seventh Affirmative Defenses.  *See* Motion to Strike [ECF 33] at 7-8.  Although the title of the Ninth Affirmative Defense does reference a failure to state a cause of action, the actual content of the Ninth Affirmative Defense does not contain such language.  Instead, the Ninth Affirmative defense is an avoidance of a claim for an accounting on grounds that an accounting is not a proper remedy.  An accounting, which is an equitable action, is not proper when a court of law can properly ascertain any alleged damages.  *Managed Care Sols., Inc. v. Essent Healthcare, Inc.,* 694 F. Supp. 2d 1275, 1279–80 (S.D. Fla. 2010) (action for accounting was improper where a trial court could indeed ascertain damages, even if the calculations would take effort and time).  As a result, the Ninth Affirmative Defense is valid and should not be stricken.

Even if the Court were inclined to agree with Plaintiff's general argument regarding the Ninth Affirmative Defense, the defense should not be stricken, but rather the court should merely treat it as a "denial" consistent with applicable law.  *See In re Royal Caribbean Cruises*, 739 F. Supp. 3d 1141, 1151 (S.D. Fla. 2024); *see also Melaih*, 2021 WL 3731272, at *4 (S.D. Fla. July 27, 2021); *Edelman,* 2025 WL 1220122, at *8 (S.D. Fla. Apr. 28, 2025); *Tsavaris*, 310 F.R.D. 678, 682 (S.D. Fla. 2015).

### V.  SEVENTEENTH AFFIRMATIVE DEFENSE

Upon further consideration, Defendants concede that their Seventeenth Affirmative Defense is not a true affirmative defense, but rather is a form of denial.  However, Defendants' Seventeenth Affirmative Defense should not be stricken, but rather the court should treat it as a "denial" consistent with applicable law.  *See In re Royal Caribbean*

9

*Cruises*, 739 F. Supp. 3d 1141, 1151 (S.D. Fla. 2024); *see also Melaih*, 2021 WL 3731272, at *4 (S.D. Fla. July 27, 2021); *Edelman,* 2025 WL 1220122, at *8 (S.D. Fla. Apr. 28, 2025); *Tsavaris*, 310 F.R.D. 678, 682 (S.D. Fla. 2015).

### VI.   EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants' Eighteenth Affirmative Defense is as follows:

> Plaintiff's claims are barred by the doctrine of laches due to his unreasonable delay in asserting known claims, which has prejudiced Defendants who: (a) invested substantial resources based on the Agreement; (b) assigned rights to LaFunda Music LLC; and (c) would have conducted business differently had claims been timely asserted.

*See* Answer and Affirmative Defenses [ECF 24] at p. 16.  Plaintiff seeks to strike the Eighteenth Affirmative Defense on grounds that "it fails to identify which specific claims it purports to address."  *See* Motion to Strike [ECF 33] at 10.  Plaintiff's Motion to Strike also argues that the Eighteenth Affirmative Defense should be stricken "to the extent this defense is directed at Plaintiff's federal claims under the Copyright Act and Lanham Act, it fails as a matter of law [because the] U.S. Supreme Court has held that laches is not available to bar claims brought within the statutory limitations period under the Copyright Act."  *Id.*

The Eighteenth Affirmative Defense asserting "laches" is legally valid and widely recognized as a legitimate affirmative defense to a wide variety of causes of action.  While laches might not be applicable to certain copyright cases, contrary to Plaintiff's assertion the doctrine of laches is indeed applicable to Lanham Act claims.  *See Gulfstream Aerospace Corp. v. Gulfstream Unsinkable Boats, LLC*, 530 F. Supp. 3d 1167, 1171 (M.D. Fla. 2021) (finding that "laches is an affirmative defense to a trademark-infringement claim").

With the possible exception of claims under copyright law, Plaintiff does not cite to any authority that would prevent the doctrine of laches from being a valid affirmative defense to all other causes of action asserted by Plaintiff.  Moreover, Plaintiff's assertions regarding the

sufficiency of the pleading of the Eighteenth Affirmative Defense are legally invalid because Plaintiff incorrectly applies the pleading requirements set by *Twombly* and *Iqbal,* which are applicable to pleading sufficiency of a complaint but not to the sufficiency of an affirmative defense. *Melaih v. MSC Cruises, S.A.,* No. 20-CV-61341, 2021 WL 3731272, at *3 (S.D. Fla. July 27, 2021) ("affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*"); *Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 692–93 (S.D. Fla. 2020) (finding that affirmative defenses are not subject to the heightened pleading standard); *Dionisio v. Ultimate Images & Designs, Inc.,* 391 F. Supp. 3d 1187, 1192–93 (S.D. Fla. 2019) (affirmative defenses are not subject to the heightened pleading standard).

As a result, the Eighteenth Affirmative Defense is legally valid and adequately plead by Defendants. To the extent that the Court were inclined to disagree and find that the Eighteenth Affirmative Defense is not sufficiently plead, Defendants should be granted leave to amend said affirmative defense. *Dionisio,* 391 F. Supp. 3d at 1197 (S.D. Fla. 2019) (finding that affirmative defenses that affirmative defenses that failed to meet even the less stringent pleading requirements should be stricken "without prejudice" and with "leave to amend"); *Freestream*, 2018 WL 1309921 (S.D. Fla. 2018) (same).

### VII. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court (i) Deny Plaintiff's Motion to Strike and (ii) Grant such other relief as deemed just and proper.

Dated: October 30, 2025          By: */s/ Simona Burshteyn*
                                               **LEON F. HIRZEL**
                                               Florida Bar No. 085966
                                               hirzel@hddlawfirm.com
                                               **PATRICK G. DEMPSEY**
                                               Florida Bar No. 027676
                                               dempsey@hddlawfirm.com
                                               **SIMONA BURSHTEYN**
                                               Florida Bar No. 105075
                                               burshteyn@hddlawfirm.com

## **CERTIFICATE OF ELECTRONIC SERVICE**

I HEREBY CERTIFY that on October 30, 2025, the foregoing document was sent through CM/ECF to all counsel of record.

By: */s/ Simona Burshteyn*