UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-22652-WILLIAMS/LETT

ALEJANDRO MOSQUEDA
PAZ p/k/a "ALMIGHTY",

    Plaintiff,

v.

PRIMO BOYZ RECORDS LLC
A/K/A PRIMO BOYZ RE L.L.C,
PRIMO BOYZ MUSIC PUBLISHING L.L.C.,
AND JOSÉ POLANCO,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S AMENDED MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

THIS CAUSE comes before the Court upon Plaintiff's Amended Motion to Strike Defendants' Affirmative Defenses ("Motion") [ECF No. 33] and Defendants' Response in Opposition to Motion to Strike ("Response") [ECF No. 35]. Having reviewed the record and being fully advised in the premises, Plaintiff's Motion to Strike Defendants' Affirmative Defenses is **DENIED**.

    **I.    BACKGROUND**

Plaintiff asserts twelve causes of action against Defendants: Declaratory Judgment: Unconscionability and Invalidity of Contract (Count I), Rescission of Contract (Count II), Breach of Contract (Count III), Anticipatory Repudiation (Count IV), Breach of Fiduciary Duty (Count V), Unjust Enrichment (Count VI), Fraudulent Inducement (Count VII), Conversion (Count VIII), Misrepresentation Under The

Digital Millennium Copyright Act (Count IX), Trademark Infringement/Unfair Competition (Count X), False Designation of Origin (Count XI), and Accounting (Count XII). *See generally* Am. Compl. [ECF No. 16]. Defendants responded to Plaintiff's Amended Complaint, lodging twenty affirmative defenses. *See generally* Answer [ECF No. 24]. Before the Court is Plaintiff's amended motion to strike Defendants' fifth, seventh, ninth, seventeenth, and eighteenth affirmative defense.

Plaintiff particularly challenges the following affirmative defenses:

Fifth Affirmative Defense: Count VI for Unjust Enrichment fails as a matter of law because a valid, express contract— the Multiple Rights Agreement— governs the subject matter of the parties' dispute. Under Florida law, a plaintiff cannot pursue a quasi-contract claim where an express agreement covers the same subject matter.

Seventh Affirmative Defense: Plaintiff fails to state a cause of action for Fraudulent Inducement as the terms are contradicted by the written agreement. The Agreement contains a comprehensive integration clause in Section VII.13 stating: "This Agreement contains the entire understanding between the parties hereto relating to the subject matter hereof and cannot be changed, modified or terminated except by an instrument signed by the party sought to be bound." This integration clause bars Plaintiff's claims based on alleged oral representations or promises outside the written Agreement, including all allegations in Count VII for fraudulent inducement.

Ninth Affirmative Defense: Plaintiff's claim for an accounting is unwarranted. An accounting is an equitable remedy that requires a showing of a fiduciary relationship or complex transactions, neither of which are present here. The Amended Complaint does not allege facts justifying this remedy. *See Kee v. Nat'l Reserve Life Ins. Co.*, 918 F.2d 1538, 1540 (11th Cir. 1990)).

Seventeenth Affirmative Defense: All claims against José Polanco individually must be dismissed as he is not a party to the Multiple Rights Agreement or any other relevant agreement with Plaintiff. The Agreement was entered into between Plaintiff and the corporate entities only. Plaintiff has failed to allege any basis for individual liability or any actions by José Polanco outside his capacity as a representative of the corporate entities.

<u>Eighteenth Affirmative Defense</u>: Plaintiff's claims are barred by the doctrine of laches due to his unreasonable delay in asserting known claims, which has prejudiced Defendants who: (a) invested substantial resources based on the Agreement; (b) assigned rights to LaFunda Music LLC; and (c) would have conducted business differently had claims been timely asserted.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). To state an affirmative defense, a litigant must "admit the essential facts of a complaint and set[] up other facts in justification or avoidance." *Tsvaris v. Pfizer, Inc.*, 310 F.R.D. 678, 678 (S.D. Fla. 2015). "An affirmative defense will only be stricken if it is insufficient as a matter of law." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013). Stated differently, "[w]here the affirmative defenses are no more than bare bones conclusory allegations, they must be stricken." *Najmyar v. Carnival Corp.*, No. 1:17-cv-22448-UU, 2017 WL 7796327, at *1 (S.D. Fla. Aug. 28, 2017). Nevertheless, "[w]hen a defendant mislabels a specific denial as a defense, the proper remedy is to treat the claim as a denial, not strike it." *Tsavaris*, 310 F.R.D. at 678.

## III.   DISCUSSION

Plaintiff informs the Court that the parties conferred, and Defendants agreed to withdraw and amend certain of their affirmative defenses. As a result, Plaintiff's Motion only seeks to strike Defendants' fifth, seventh, ninth, seventeenth, and eighteenth affirmative defenses. Mot. at 4, 11.

3

      a. <u>Affirmative Defenses 5, 7, 9, 17</u>

Plaintiff contends that affirmative defense five, seven, nine, and seventeen must be stricken because Defendants fail to admit specific allegations and instead seek to attack the legal sufficiency of his claims. Mot. at 5-9. In response, Defendants argue that although the titles of their fifth, seventh, and ninth affirmative defenses reference failure to state a cause of action, the content of the affirmative defenses state a legally cognizable affirmative defense to Plaintiff's claims. As for affirmative defense seventeen, "[d]efendants concede that their Seventeenth Affirmative Defense is not a true affirmative defense, but rather is a form of denial." *Id*. at 9. Defendants maintain that the affirmative defenses should be treated as denials and not be stricken.

"The Eleventh Circuit has held that '[a] defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.'" *Getchell v. Tynda Holdings, LLC*, No. 6:25-cv-711-PGB-DCI, 2025 WL 2432573, at *2 (S.D. Fla Aug. 24, 2025) (citing *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988)). Here, Defendants' fifth, seventh, and ninth affirmative defenses point out defects in Plaintiff's prima facie case. Specifically, Defendants' fifth affirmative defense states that Plaintiff's claim for unjust enrichment "fails as a matter of law" because a valid, express contract governs the subject matter. Resp. at 6. The seventh affirmative defense states that "Plaintiff fails to state a cause of action for Fraudulent Inducement as the terms are contradicted by the written agreement." *Id*. at 7. Likewise, Defendants' ninth affirmative defense irrefutably attempts to point out a

4

defect in Plaintiff's claim for an accounting as it plainly states, "[t]he Amended Complaint does not allege facts justifying this remedy." *Id*. at 8-9. Affirmative defense number seventeen argues that Plaintiff's claim should be dismissed because it names an improper party. Mot. at 9. These affirmative defenses in fact deny that Plaintiff can sufficiently state his claims. Therefore, the Court treats Defendants' fifth, seventh, ninth, and seventeenth affirmative defenses as denials and will not strike them. *See Najmyar v. Carnival Corp.*, No. 1:17-cv-22448-UU, 2017 WL 7796327, at *2 (S.D. Fla. Aug. 28, 2017) (denying a plaintiff's request to strike affirmative defenses that were mere denials of the plaintiff's claims). Accordingly, Plaintiff's Motion is denied as to Defendants' fifth, seventh, ninth, and seventeenth affirmative defense.

b. Affirmative Defense 18

Defendants' eighteenth affirmative defense states that Plaintiff's claim is barred by the doctrine of laches due to his unreasonable delay in asserting known claims. Mot. at 10. Plaintiff argues that the Defendants' eighteenth affirmative defense must be stricken because "it fails to identify which specific claims it purports to address," rendering it "deficient under the federal pleading standards." Mot. at 10. While it is true that the eighteenth affirmative defense does not identify the count or counts to which it applies, striking is not justified where the defense sufficiently puts Plaintiff on notice of the defense and the grounds upon which it rests. *See Adams,* 294 F.R.D. at 672-73 (declining to strike affirmative defenses that did not specify counts where the theories of recovery arose from the same sequence of events); *see*

also *Ramindesign, LLC v. Skarzynski*, No. 23-CV-24838-LENARD/Elfenbein, 2025 WL 271652 (S.D. Fla. Jan. 23, 2025) (same); *Melaih v. MSC Cruises, S.A.*, No. 20-CV-61341-SMITH/VALLE, 2021 WL 3727837, at *4 (S.D. Fla. July 27, 2021) (noting that affirmative defenses need only provide fair notice of the nature of the defense and the grounds upon which it rests). Like the court in *Adams*, the causes of action found in the Amended Complaint are interrelated as they arise from the same sequence of events. *Adams*, 294 F.R.D. at 672-73. Accordingly, Plaintiff's Motion is denied as to affirmative defense eighteen.

## IV. CONCLUSION

For reasons set forth above, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion is **DENIED** as to Defendants' fifth, seventh, ninth, and seventeenth affirmative defenses. These affirmative defenses should be **TREATED AS DENIALS**.

2. The Motion is **DENIED** as to Defendants' eighteenth affirmative defenses.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 19th day of November, 2025.

*/s/ Enjoliqué A. Lett*

**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record